# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.I.SV.EL. SOCIETA ITALIANA PER LO SVILUPPO DELL'ELETTRONICA S.P.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPOTIFY USA INC., )<br>)<br>Defendant. ) | Civil Action No. 18-70-CJB |

## MEMORANDUM ORDER

Presently pending before the Court is Plaintiff S.I.SV.EL. Societa Italiana per lo Sviluppo Dell'elettronica S.p.A.'s ("Plaintiff") Motion for Vacatur of the Court's Invalidity Orders (the "Motion"). (D.I. 68) With the Motion, Plaintiff asks the Court to vacate three prior Memorandum Opinions and Orders, which granted summary judgment and found invalid each of three of the patents in-suit, concluding that those patents were directed to patent-ineligible subject matter. For the reasons set forth below, the Court HEREBY ORDERS that Plaintiff's Motion is DENIED.

1. Plaintiff filed this action against Defendant Spotify USA Inc. ("Defendant" or "Spotify") on January 8, 2018, (D.I. 1), alleging infringement of five patents: United States Patent Nos. 7,412,202 (the "'202 patent"), 8,490,123 (the "'123 patent"), 7,734,680 (the "'680 patent"), 8,321,456 (the "'456 patent"), and 7,035,863 (the "'863 patent") (collectively, the "patents-in-suit"), (*id.* at ¶¶ 8-127). Concurrent with this action, Plaintiff filed two other related actions: *Societa Italiana per lo Sviluppo Dell'elettronica S.p.A. v. Rakuten Kobo Inc.*, Civil Action No. 18-68-MN-CJB (the "Rakuten Action") and *Societa Italiana per lo Sviluppo Dell'elettronica S.p.A. v. Rhapsody International Inc.*, Civil Action No. 18-69-CJB (the

"Rhapsody Action"). In the Rakuten Action, Plaintiff asserted the '680 and '863 patents. (Civil Action No. 18-68-MN-CJB, D.I. 1 at ¶¶ 8-56) In the Rhapsody Action, Plaintiff asserted the '123, '680, and '863 patents. (Civil Action No. 18-69-CJB, D.I. 1 at ¶¶ 8-92) The Court will refer to the collective defendants in all three actions as "Defendants."

2. In March of 2018, Defendants in all three cases filed early summary judgment motions pursuant to Federal Rule of Civil Procedure 56; with these motions, Defendants asked the Court to rule that all five patents in-suit were invalid for lack of patent-eligible subject matter. (*See, e.g.*, D.I. 9; D.I. 11) All parties consented to the Court's jurisdiction over these motions. (*See, e.g.*, D.I. 10)[1] After briefing was completed, the Court heard oral argument on November 7, 2018. (*See, e.g.*, D.I. 23) The Rakuten Action settled thereafter. (Civil Action No. 18-68-MN-CJB, D.I. 27) As to the Rhapsody Action and the instant action, however, the Court ultimately issued five separate Memorandum Opinions and Orders as to each of the five patents that were in-suit in one or both of the cases. In those Memorandum Opinions and Orders, the Court granted Defendants' summary judgment motions as to the '202 patent, (D.I. 25; D.I. 26), the '863 patent, (D.I. 29; D.I. 30), and the '456 patent, (D.I. 33; D.I. 34). The Court denied Defendants' motions as to the '123 patent, (D.I. 27; D.I. 28), and the '680 patent (D.I. 31; D.I. 32).

3. On December 16, 2019, Plaintiff filed this Motion in the instant case, (D.I. 68), along with a Stipulation of Dismissal of this case, (D.I. 69). Plaintiff states that it "wishes to preserve its ability to seek review of the Court's rulings regarding the invalidity of the '202 [p]atent, the '863 [p]atent, and the '456 [p]atent, *only in the event* that there is a substantive

---

[1] In the instant action, the parties subsequently consented to the Court's authority to conduct all proceedings in the case. (D.I. 43)

change in the law under [35 U.S.C.] § 101 in the future." (D.I. 68 at ¶ 6 (certain emphasis in original, certain emphasis omitted)) Plaintiff further states that "vacatur will preserve the appealability of the Court's rulings on patent eligibility, avoiding issue preclusion[;] will allow [Plaintiff] to conserve resources which might otherwise be employed litigating this matter to trial[;] [and] should neither create a further burden on this Court's resources nor interfere with the orderly operation of the federal judicial system." (*Id.* at ¶ 8 (citing *Cisco Sys. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008)) Plaintiff proposes that it will no longer assert the '202 patent, '863 patent, or '456 patent in future litigation absent a "significant statutory or jurisprudential change in the law under [Section] 101[.]" (*Id.* at ¶ 9) If there is such a "significant change" and Plaintiff does assert these (presently invalid) patents in subsequent lawsuits, it proposes that in those lawsuits it will "stipulate to a stay with respect to those patents, and . . . [somehow] stipulate to an entry of the exact Orders that would be vacated here,[] so that . . . the Court's invalidity rulings may be assessed on any appeal from such future action." (*Id.*)

4. In reviewing a motion seeking vacatur of its orders, our Court has tended to consider four factors: "(1) the public interest in the orderly operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the court's resources that will be expended if the case continues; and (4) the parties' interest in conserving their resources." *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, Civil Action No. 11-515-LPS, 2017 WL 4231572, at *2 (D. Del. Sep. 20, 2017); *Forest Labs., Inc. v. Teva Pharms. USA Inc.*, Civil Action No. 14-121-LPS, 14-686-LPS, 2016 WL 3606177, at *1 (D. Del. May 25, 2016). The Court will analyze these factors in turn.

5. The first factor—the public interest in the orderly operation of the federal judicial system—strongly disfavors vacatur here. The Court rendered its summary judgment opinions

and orders after much briefing and argument by the parties and after careful deliberation over the issues. Asking the Court to unravel its prior work is anything but "orderly," and were the Court to regularly do so, that might actually discourage parties from settling cases "*before* courts expend substantial resources" in resolving dipositive issues. *Automated Packaging Sys., Inc. v. Free Flow Packaging Int'l, Inc.*, Case No. 18-cv-00356-EMC, 2018 WL 6251051, at *2 (N.D. Cal. Nov. 29, 2018) (emphasis in original); *see also Forest Labs.*, 2016 WL 3606177 at *2 ("[I]t will usually be inefficient and contrary to the orderly operation of the judicial system to treat the Court's resolution of such disputes as a nullity by granting stipulations such as the one proposed here."). This is particularly true where, as here, the Orders that Plaintiff seeks to vacate were Orders that invalidated three patents. The public has an interest in clearing away patents that cannot survive a validity challenge. *See Cardinal Chem. Co. v. Morton Int'l Inc.*, 508 U.S. 83, 100-02 (1993) (disapproving the Federal Circuit's practice of "routinely" vacating judgments of patent invalidity upon finding noninfringement, because it "creates a . . . potential for relitigation and imposes ongoing burdens on competitors who are convinced that a patent has been correctly found invalid"); *Cisco*, 590 F. Supp. 2d at 831 ("A final judgment of invalidity . . . informs the public and those in the field of the bounds of the invention and what may be legal avenues to improve the state of the art."); *see also Forest Labs.*, 2016 WL 3606177, at *2 (same). Furthermore, one of the patents implicated by the Motion (the '863 patent) was asserted in the related Rhapsody Action. (Civil Action No. 18-69-CJB, D.I. 28, 29) And the same summary judgment Order finding the '863 patent invalid was issued in that action as well. (Civil Action No. 18-69-CJB, D.I. 29) Plaintiff does not explain how the Court can vacate its summary judgment Order in this action while keeping that same Order in place it in the Rhapsody Action. The Court suspects it cannot (or at least, that it should not). Thus, upsetting the course of that

4

litigation by granting the instant Motion is another reason why this first factor weighs heavily against vacatur. *Cf. Forest Labs.*, 2016 WL 3606177, at *2 (finding that the public interest factor disfavored grant of a motion to vacate when the same patent held invalid there was being asserted in another suit).

6. As to the second factor—the parties' desire to avoid any potential preclusive effect—the Court acknowledges that Plaintiff wishes to avoid the preclusive effect of the Court's Orders. However, this Court has not afforded decisive weight to this preference. *Forest Labs.*, 2016 WL 3606177, at *2. Moreover, Plaintiff's preference weighs even less strongly here, where: (a) its request is a unilateral one that Defendant Spotify does not join; and (b) it may be in conflict with the interests of another party in another litigation (i.e., Defendant Rhapsody). *Id.* For these reasons, the second factor weighs against vacatur. *Id.*

7. The third factor—the Court's resources that will be expended if the case continues—also weighs against vacatur. The parties have submitted a stipulation of dismissal that in no way appears conditioned on the Court's grant of the Motion. (D.I. 69; *see also* D.I. 68 at 3 ("Spotify takes no position [as to the vacatur motion] in view of the case against Spotify having been dismissed.")) In cases where settlement *turned* to some extent on the court's decision as to whether to vacate its prior orders, this factor weighed in favor of vacatur. *See Forest Labs.*, 2016 WL 3606177, at *2; *see also Cisco*, 590 F. Supp. 2d at 831-32. That is not the case here. *Cf. Automated Packaging Sys.*, 2018 WL 6251051, at *3-4.

8. The fourth factor—the parties' interest in conserving their resources—also militates in favor of denying the Motion. Just as with the third factor, the parties have stipulated to a dismissal that is not conditioned upon vacatur. *Cf. Automated Packaging Sys.*, 2018 WL

6251051, at *3-4. So the parties have expended all of the resources litigating this case that they are going to expend.

9. With each of the four factors weighing against vacatur, the Court ORDERS that Plaintiff's Motion be DENIED.

Dated: December 27, 2019

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE